UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-61711-BLOOM/Valle

BRUCE REISMAN, as Personal
Representative of the Estate of
ELEANOR REISMAN,

    Plaintiff,

v.

AS COOPER CITY LESSEE, LLC d/b/a
THE SHERIDAN AT COOPER CITY,

    Defendant.
_____/

**ORDER ON APPLICATION FOR GOOD CAUSE TO TEMPORARILY LIFT STAY FOR LIMITED PURPOSE OF FILING FIRST AMENDED COMPLAINT AND INCORPORATED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Plaintiff Bruce Reisman's ("Plaintiff") Application for Good Cause to Temporarily Lift Stay for Limited Purpose of Filing First Amended Complaint and Incorporated Motion for Leave to File First Amended Complaint, ECF No. [17] ("Motion"), filed on March 29, 2022. Defendant AS Cooper City Lessee, LLC ("Defendant") filed a Response in Opposition, ECF No. [21] ("Response"), on April 18, 2022. To date, Plaintiff has not filed a Reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

Plaintiff filed his Complaint against Defendant on March 24, 2021, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* ECF No. [1-2] ("Complaint"). Defendant removed the case to this Court on August 16, 2021. *See* ECF No. [1].

On August 31, 2021, Defendant filed its Motion to Dismiss. *See* ECF No. [8] ("Motion to Dismiss"), and thereafter filed an unopposed Motion to Stay. *See* ECF No. [12]. On October 1, 2021, the Court granted the Motion to Stay, staying the case pending the Eleventh Circuit's decision on *Schleider, et al. v. GVDB operations, LLC.*, 9:21-cv-80664, *on appeal* No. 21-11765-BB (11th Cir.). *See* ECF No. [14].

Plaintiff now seeks to temporarily lift the stay for the limited purpose of filing an amended complaint. *See* ECF No. [17]. Plaintiff requests that the Court allow him to amend the Complaint to comply with the heightened pleading requirements of Fla. Stat. §§ 768.38 and 768.381 ("Statutes"), while maintaining that the Statutes do not apply in this case because Plaintiff initiated his case against Defendant before the effective date of the Statutes. *See id.* at 3. Defendant responds that the Court should deny the Motion because (1) Plaintiff seeks to introduce new allegations of "numerous falls" which were fully known to Plaintiff at the outset of his lawsuit and unrelated to the claims asserted in the Complaint; (2) Plaintiff's request to include allegations of "numerous falls" is an improper attempt to circumvent the 75-day presuit period; (3) Plaintiff's claim of "numerous falls" is barred by the two-year statute of limitations; and (4) the Relation Back Doctrine does not apply. *See* ECF No. [21].

## II.   LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2)

2

where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (citation omitted).

In addition, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3). Scheduling orders may be modified only "for good cause and with the judge's consent." *See id.* at Rule 16(b). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted). Accordingly, when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Therefore, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Id.* at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note). Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

Through this lens, the Court addresses the instant Motion.

### III.   DISCUSSION

Plaintiff seeks to temporarily lift the stay for the limited purpose of filing an amended complaint. *See* ECF No. [17]. Plaintiff argues that good cause exists because "[h]ad the stay not been issued, Plaintiff would be permitted to amend the Complaint as a matter of course since Defendant had not yet served a responsive pleading." *Id.* at 3. Further, Plaintiff does not seek to impose any obligation on Defendant to respond to the amended complaint until after the Eleventh Circuit's decision on *Schleider*. *See id.* As such, Plaintiff submits that the amendment would not prejudice Defendant.

As noted above, Defendant responds that the Court should deny the Motion because (1) Plaintiff seeks to introduce new allegations of "numerous falls" which were fully known to Plaintiff at the outset of his lawsuit and unrelated to the claims asserted in the Complaint; (2)

Plaintiff's request to include allegations of "numerous falls" is an improper attempt to circumvent the 75-day presuit period; (3) Plaintiff's claim for "numerous falls" is barred by the two-year statute of limitations; and (4) the Relation Back Doctrine does not apply. *See* ECF No. [21].

The Court agrees with Defendant. First, as an initial matter, the deadline for amending pleadings was November 13, 2021. *See* ECF No. [10] ("Scheduling Order"). Because the deadline has passed, Plaintiff's requested relief would ordinarily require an amendment to the Court's Scheduling Order and implicate Rule 16(b). However, the Court granted a stay of the case and effectively terminated the deadlines set forth in the Court's Scheduling Order. *See* ECF No. [14]. As such, Rule 16(b) is not implicated in this case.

Second, the Court is not persuaded by Plaintiff's argument that he would have been permitted to amend the Complaint as a matter of course if the stay was not granted because Defendant had not yet served a responsive pleading. Rule 15(a)(1) permits plaintiffs to amend their pleading once as a matter of course within: (A) twenty-one (21) days of serving the pleading; or (B) twenty-one (21) days of service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). In this case, Plaintiff served the Complaint on July 21, 2021. *See* ECF No. [1-3]. As such, the twenty-one (21) day period to amend Plaintiff's Complaint as a matter of course after service of the Complaint elapsed on August 11, 2021. Further, Defendant filed its Motion to Dismiss pursuant to Rule 12(b) on August 31, 2021. *See* ECF No. [8]. As such, the twenty-one (21) day period to amend Plaintiff's Complaint as a matter of course after service of the Motion to Dismiss elapsed on September 21, 2021. The Court stayed the action on October 1, 2021, after the second twenty-one (21) day period elapsed. As such, the twenty-one (21) day period to amend Plaintiff's Complaint after service of

the Motion to Dismiss was unaffected by the stay of the case. Therefore, Plaintiff would not have been permitted to amend the Complaint even if the Court had not stayed the case.

Next, Plaintiff is not entitled to amend his Complaint under Rule 15(a)(2). *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states that plaintiffs may amend their pleading "only with the opposing party's written consent or the court's leave." In this case, Defendant has not provided written consent. Therefore, Plaintiff's amendment requires the Court's leave. As noted above, although the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the Eleventh Circuit has held that "[a] district court need not . . . allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant*, 252 F.3d at 1163. Further, Defendant correctly notes that "lack of diligence is reason for refusing to permit amendment." *See* ECF No. [21] at 6 (citing *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967)).[1]

In this case, the Court determines that there has been undue delay. Plaintiff's amended complaint seeks to introduce new allegations of falls that occurred on December 25, 2019, and May 1, 2020, that are unrelated to the existing claims. *See* ECF No. [17-1] ¶¶ 53-56. The respective falls took place approximately fifteen (15) months and eleven (11) months before the start of the lawsuit on March 24, 2021, and approximately twenty-seven (27) months and twenty-three (23) months before the filing of the instant Motion on March 29, 2022. Plaintiff does not dispute Defendant's claim that Plaintiff was aware of the falls at the start of the lawsuit. *See* ECF No. [21] at 6. Further, Plaintiff provides no explanation for his failure to include the claims in the Complaint

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

or his delay in seeking to add claims that he was aware of several months before. *See* ECF No. [17]. As such, the lengthy delay in seeking to amend the Complaint constitutes an undue delay that warrants denial of the requested relief. *See Barrett v. Indep. Ord. of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming the district court's denial of a motion to amend not only because the motion was filed "nearly ten months after the original complaint" but also because there were "no matters that appellant proposed to add which could not have been raised initially").[2]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [17]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 12, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[2] Given the Court's ruling, the Court need not address Defendant's remaining arguments on whether Plaintiff's request to include allegations of numerous falls is an improper attempt to circumvent the 75-day presuit period, whether Plaintiff's claim of numerous falls is barred by the two-year statute of limitations, and whether the Relation Back Doctrine applies.